IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-068 |
| | ) | |
| WARDEN A. MCFARLANE; DEPUTY WARDEN T. KEITH; CERT-TEAM SGT. WRIGHT; and SGT. APRIL BROWN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, has submitted to the Court for filing an amended complaint brought pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   BACKGROUND

Plaintiff names as Defendants: (1) Warden A. McFarlane, (2) Deputy Warden T. Keith, (3) CERT-Team Sgt. Wright, and (4) Sgt. April Brown. (Doc. no. 21, pp. 1-3.) All Defendants are named in their individual and official capacities. (Id. at 2-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On April 18, 2024, Plaintiff was transferred back to TSP after being transferred to another prison. (Id. at 4, 12.) While Plaintiff was going through intake procedures, he requested protective custody. (Id.) In response to Plaintiff's request, Deputy Warden of Security V. Stewart[1] approached Plaintiff and said, "welcome back, mothafucka[,] like I told you before you will die in [TSP]." (Id.) Deputy Warden Stewart then took three law books from Plaintiff. (Id. at 12.) Plaintiff remained in an intake cell overnight. (Id.) The following morning, he was assigned to dormitory F-1, which is typically reserved for inmates on long term disciplinary restrictions and isolation. (Id.)

On April 29, 2024, during shower call, Plaintiff explained to Defendant Sergeant April Brown that his cellmate, inmate Cicero Smith, "had been smoking meth all week-end [and] was making 'sexual statements' while standing at the door masturbating." (Id.) In response, Defendant Brown laughed and asked, "Are you serious?" (Id. at 13-14.) Plaintiff asked Defendant Brown to move him to another cell and she said she would take care of it, but never followed up. (Id. at 14.) After this interaction, Plaintiff tried to request Defendant Brown's assistance during every subsequent shower call to no avail. (Id.)

On May 6 and May 10, 2024, Plaintiff notified Defendant Cert-Team Sergeant Wright that Inmate Smith was "wigging out on meth [and] facing [Plaintiff] masturbating." (Id.) Defendant Wright replied, "he's just young[,] I'll talk to him." (Doc. no. 14.) Subsequently, and then told Inmate Smith, "keep your dick in your pants or I'll personally come back and

---

[1] Plaintiff does not list V. Stewart as a Defendant in the section of the amended complaint form reserved for listing named defendants, and confusingly refers to her as both "Defendant Former Deputy Warden/Security V. Stewart" and "Former defendant V. Stewart." (Doc. no. 21, pp. 4, 12; see also id. at 2-3.) Because the liberal construction afforded to *pro se* pleadings does not mean that the Court has a duty to re-write the amended complaint, the Court takes the list of named Defendants as Plaintiff provided it and does not construe Plaintiff's references to V. Stewart as an attempt to name her as a defendant in this case. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

kick your ass for that disrespectful[] nasty shit that you are doing." (Id. at 14-15.) After this interaction, Inmate Smith became increasingly aggressive about his intent to have sex with Plaintiff. (Id. at 15.)

On May 19 and June 9, 2024, Inmate Smith pulled a shank on Plaintiff and tried to force Plaintiff to have sex with him. (Id.) Inmate Smith placed the shank against Plaintiff's neck and made Plaintiff stand still while Inmate Smith stood behind him, masturbated, rubbed his penis on Plaintiff, and ejaculated. (Id.) Inmate Smith told Plaintiff, "next time[,] I'm going to put only the head in."

On May 19 and June 6, 2024, Plaintiff wrote letters to Defendant Warden A. McFarlane, expressing his concerns about his cellmate, a "25 year old methamphetamine & K-2 junkie that was delusional while on drugs." (Id. at 12.) Plaintiff attached a handwritten duplicate of the May 19th letter to Defendant McFarlane as an exhibit to his amended complaint, which reflects the letter described the situation as an "emergent matter," explained Plaintiff's "cellmate wigged out on ice [and] pulled out a shank on" Plaintiff, and requested "to please be moved before one of us is killed." (Id. at 17.) A handwritten duplicate of the June 6th letter also demonstrates Plaintiff explained his cellmate "transform[s] to a[n] aggressive homosexual" when on drugs and "tried [Plaintiff] twice,"[2] described his repeated attempts to seek assistance from Defendant Wright to no avail, and requested "immediate assistance." (Id. at 18.) Plaintiff received no response to these letters. (Id. at 12.) Also on June 6, 2024, Plaintiff wrote to Defendant Deputy Warden T. Keith, and explained his cellmate

---

[2] Based on context found elsewhere in the amended complaint, it appears Plaintiff's use of the phrase "tried me twice" is intended to mean Inmate Smith raped Plaintiff twice. (See doc. no. 21, pp. 5, 22, 24.)

3

was "smoking meth and transforming into an aggressive homosexual." (Id. at 13.) Plaintiff received no response. (Id.)

On June 12, 2024, Inmate Smith covered the window to their cell with paper and undressed. (Id. at 16.) Inmate Smith punched Plaintiff in the stomach and said, "you know what fucking time it is." (Id.) Inmate Smith set his shank down on the dresser, began rubbing petroleum jelly on his penis, and told Plaintiff, "pull them shorts down [and] get your ass on the bed before I put this fire on your ass." (Id.) He then said, "no just stand there and jack this dick until I'm ready" and turned around to get the petroleum jelly again. (Id.) While Inmate Smith had his back turned, Plaintiff picked up the shank off the dresser and stabbed Inmate Smith twice in the chest to prevent him from raping Plaintiff again. (Id.)

On July 10 and July 23, 2024, Plaintiff wrote letters "to 'PREA' because defendants turn[ed] a blind eye to Cicero Smith trying to rape" Plaintiff. (Id. at 15.) Moreover, when Plaintiff attempted to receive medical or psychological help following the sexual assaults, he was labeled a "homosexual snitch" by orderlies and TSP staff. (Id. at 5.) Plaintiff requests monetary damages and equitable relief. (Id.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a viable claim for deliberate indifference to his safety against Defendants Warden A. McFarlane and Deputy Warden T. Keith. See Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (*en banc*); Lane v. Philbin, 835 F.3d 1302, 1307-08 (11th Cir. 2016). In a companion Report and Recommendation, the Court recommends dismissal of Defendants Brown and Wright, as well as all official capacity claims for monetary damages against all Defendants.

## II.   INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendants McFarlane and Keith.  The United States Marshal shall mail a copy of the amended complaint, (doc. no. 21), and this Order by first-class mail and request that Defendants McFarlane and Keith waive formal service of the summons.  Fed. R. Civ. P. 4(d).  Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver.  Fed. R. Civ. P. 4(d)(3).  However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case.  Fed. R. Civ. P. 4(m).  Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendants McFarlane and Keith to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendants, or upon their defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court.  Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or their counsel.  Fed. R. Civ. P. 5; Loc. R. 5.1.  Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a).  Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by defendants. Upon being given at least five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>. Defendants shall ensure Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. <u>See generally</u> Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. <u>See</u> Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. <u>Id.</u> Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he

6

should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Loc. R. 26.5.

Plaintiff must maintain a set of records for the case.  If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve their response to the motion within fourteen days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Loc. R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion.  Loc. R. 7.5, 56.1.  A failure to respond shall indicate that there is no opposition to the motion.  Loc. R. 7.5.  Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these:  any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

**While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.**

SO ORDERED this 3rd day of April, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA