IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-068 |
| | ) | |
| WARDEN A. MCFARLANE and DEPUTY | ) | |
| WARDEN T. KEITH, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Defendant filed two emergency motions. (Doc. nos. 29, 32.) For the reasons set forth below, the Court **REPORTS and RECOMMENDS** Defendant's emergency motions be **DENIED**.

I.    **BACKGROUND**

Plaintiff has filed two "emergency motions" concerning various topics. (Doc. nos. 29, 32.) In his first emergency motion, Plaintiff explains he "is trying to converse with [the undersigned] about the horrific conditions & the Defendants having no fear of repercussion." (Doc. no. 29, p. 1.) He further explains he has been "targeted non[-]stop by gangs & gang affiliate prison officials," is assigned a delusional, methamphetamine-using, gang-affiliated cellmate, and has had attempts made on his life. (Id. at 1-2.) Plaintiff also attaches handwritten duplicates of letters sent to various prison officials and individuals outside of TSP requesting assistance, which

he contends show the dangerousness of Defendants, proves Defendants are deliberately indifferent to Plaintiff's safety, and shows his pleas for help have gone unanswered.  (Id. at 2-5.)  Plaintiff requests the Court provide "immediate assistance" but does not identify precisely what type of assistance he seeks.

In Plaintiff's second emergency motion, he describes a March 31, 2025, incident in which he woke up to his cellmate touching his buttocks.  (Doc. no. 32, p. 2.)  When his cellmate left the cell to shower and later returned, Plaintiff refused to let him back in the cell.  (Id.)  In response, TSP officials removed Plaintiff from the cell and left him in the rec yard for four hours in handcuffs.  (Id.)  While Plaintiff was in the rec yard, his cellmate stole and read his legal materials.  (Id. at 2-3.)  On April 1, 2025, Plaintiff was relocated to a new cell with another gang member as a cellmate.  (Id. at 3.)  When he protested this housing assignment, a prison official threatened to beat him if he did not get in the cell.  (Id.)  Plaintiff filed an emergency grievance on April 14, 2025, concerning retaliation by high-ranking prison officials and his housing assignments with gang members.  (Id. at 2.)   Plaintiff wrote letters to the Defendant Keith on April 18, 2025, concerning the same topics as the emergency grievance. (Id. at 4.)  Also on April 18, 2025, Plaintiff wrote a letter to Defendant McFarlane, alleging his new cellmate was "wigging out on meth," "hit Plaintiff in the head from behind," and kicked him in the stomach when he fell to the floor, causing Plaintiff to vomit blood.  (Id. at 5.)  Plaintiff requests the Court "intervene & place Plaintiff on protective custody."  (Id. at 6.)

## II.   DISCUSSION

Plaintiff did not title his emergency motions as requesting injunctive relief; however, the Court discerns Plaintiff is requesting such due to the nature of his motions.  A party moving for injunctive relief must show the following:  "(1) substantial likelihood of success on the merits; (2)

irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion as to all four of these requirements.  First, Plaintiff has not shown a likelihood of success on the merits.   Plaintiff vaguely asserts several unconnected issues in his motions.  Primarily, while Plaintiff provides some details concerning the harm he has experienced at the hands of other inmates, Plaintiff does not provide concrete details with respect to any Defendants' actions in placing Plaintiff in cells with these inmates who have caused him harm.  Further, many of Plaintiff's concerns raised in the motions are entirely unconnected to the claims this Court allowed to proceed against Defendants McFarlane and Wright.  (See doc. no. 24.)  Thus, Plaintiff has failed to establish a substantial likelihood of succeeding on the merits.

Second, Plaintiff has failed to establish a substantial threat he will suffer irreparable injury if an injunction is not granted.  In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (citation omitted); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and

immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). As explained above, Plaintiff offers only unsubstantiated and generalized allegations that he has been subject to past acts of violence and retaliation. Although Plaintiff claims his "new cellmate" is delusional and addicted to methamphetamine, (doc. no. 29, pp. 4-5), Plaintiff does not specify whether any specific and credible threat has been made against him that would warrant an assignment to protective custody or other Court intervention. No further details have been alleged by Plaintiff to establish an imminent harm or any harm by being in his current cell. Thus, the harm is only speculative and remote.

Plaintiff also completely fails to address whether the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. As previously explained to Plaintiff, (doc. no. 22, p. 10), the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Thus, under the circumstances presented by this case, the Court will not insert itself into the decision-making process of where to house a prisoner.

## III.    CONCLUSION

In sum, Plaintiff has failed to satisfy all of the required elements for obtaining injunctive relief. Thus, the Court **REPORTS** and **RECOMMENDS** Plaintiff's emergency motions be **DENIED**. (Doc. nos. 29, 32.)

SO REPORTED and RECOMMENDED this 7th day of May, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA