**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN ANDREW MCFARLANE and DEPUTY WARDEN TONJA KEITH,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CV 324-068 |

**O R D E R**

Plaintiff filed the above-styled civil action pursuant to 42 U.S.C. § 1983. The Court screened his complaint and directed service of process on Defendants McFarlane and Keith based on Plaintiff's allegations of deliberate indifference. (Doc. Nos. 22, 24.) Defendants answered the Complaint on February 20, 2026 (doc. no. 72), and the Clerk entered a scheduling notice (doc. no. 73). Defendants requested the Court allow a remote deposition of Plaintiff (doc. no. 74), which the Court granted (doc. no. 75). On July 10, 2026, Defendants informed the Court that Plaintiff refused to appear for his noticed deposition on July 8, 2026. (Doc. No. 76-1.) According to Defendants, "Plaintiff did not give a reason for refusing to attend his deposition other than a sworn statement stating that 'I refuse court.' " (Id. at 2.) Defendants filed a Motion to Dismiss or, in the Alternative, Motion to Compel

Deposition Attendance and Testimony. (Doc. No. 76.) Plaintiff did not respond.

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay *or* willful contempt *and* a finding that lesser sanctions would not suffice.' " Jones v. Graham, 709 F.2d 1457, 1459 (11th Cir. 1983) (citation omitted and emphasis in original); see also Gratton v. Great Am. Communs., 178 F.3d 1373, 1375 (11th Cir. 1999). "[B]ecause dismissal is considered a drastic sanction, a district court may only implement it, as a last resort[.]" World Thrust Films v. Int'l Family Ent., 41 F.3d 1454, 1456 (11th Cir. 1995). Dismissal of this case in its entirety is not warranted here as the Court may yet order his appearance at a deposition. See, e.g., Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993) (district courts have broad discretion in fashioning appropriate sanctions for violation of discovery orders, but the severe sanction of dismissal "is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders."). Accordingly, Defendants' Motion to Dismiss is **DENIED**. (Doc. No. 76.)

Instead, the Court **GRANTS** Defendants' alternative Motion to Compel. (Doc. No. 76.) Defendants are **DIRECTED** to re-notice the

deposition of Plaintiff and Plaintiff is **DIRECTED** to appear at this deposition. See Fed. R. Civ. P. 37(a)(3) (a court may compel a party to appear and answer questions where he refused to do so).

The Court **DENIES** Defendants' request for monetary sanctions. Rule 37 states that, if a motion to compel is denied, "the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant . . . pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). *Pro se* litigants are "subject to sanctions like any other litigant," Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), and may not rely on their unrepresented status alone to avoid sanctions. However, the Court finds fee-shifting improper under the circumstances because the Court has granted Defendants an opportunity to reopen discovery and issued the requested order to compel Plaintiff's appearance at his deposition. See, e.g., Fed. R. Civ. P. 37(c)(1) (identifying "harmlessness" as a reason to not impose sanctions). Should Plaintiff again refuse to appear and to answer questions, requiring Defendants to again seek the Court's intervention, that outlook might very well change. Plaintiff is forewarned that any failure to respond to Defendants' counsel's questions, without substantial justification, will subject him to penalties, both

monetary and otherwise. See Fed. R. Civ. P. 37(a)(5); see also Moon, 863 F.2d at 837 (a *pro se* litigant "is and should be subject to sanctions like any other litigant.").

Specifically, Plaintiff is expressly warned that failure to appear and answer Defendants' counsel's questions at a properly noticed deposition may result in the dismissal of this lawsuit under Rule 37 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 37(b)(2); see also Amerson v. Comm'r, Ga. Dept. of Corr., 2022 WL 628418, at *3-5 (11th Cir. Mar. 4, 2022) (affirming dismissal of *pro se* plaintiff's Complaint for his refusal to participate in his deposition). If Plaintiff does not comply, Defendants are free to again seek sanctions for that failure, including dismissal.

Finally, the Court extends discovery deadlines in this case to allow Defendants to notice and take Plaintiff's deposition. The revised schedule is as follows:

| | |
|---|---|
| CLOSE OF DISCOVERY | October 13, 2026 |
| LAST DAY TO FILE MOTIONS | November 12, 2026 |
| LAST DAY TO FILE SUMMARY JUDGMENT MOTIONS | November 12, 2026 |

**ORDER ENTERED** at Augusta, Georgia, this 17th day of August, 2026.

UNITED STATES DISTRICT JUDGE